# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

SHERRY WEST,

      Plaintiff,

v.                                                    CIVIL ACTION NO. 5:21-cv-00477

DOLGENCORP, LLC,
D/B/A DOLLAR GENERAL STORE,
a West Virginia Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Dolgencorp, LLC's Motion to Dismiss [Doc. 3], filed August 27, 2021. The matter is ready for adjudication.

## I.

Plaintiff Sherry West is a West Virginia resident. Defendant Dolgencorp, LLC, is a Tennessee corporation that operates a Dollar General Store in Wyoming County. On May 2, 2019, Ms. West was parked outside the Dollar General Store. [Doc. 1-1 at 2]. While she was still inside of her car, an eight-foot-tall unsecured sales rack, known as a Rolltainer, struck her vehicle. [*Id.* at 2]. A Dollar General employee helped Ms. West remove the Rolltainer from her car. This exertion later caused her to suffer serious and permanent injuries to her right shoulder and bicep, which required corrective surgery. [*Id.* at 2–3].

On April 20, 2021, Ms. West instituted this negligence action in the Circuit Court of Wyoming County. She alleges that Dolgencorp breached its (1) duty of reasonable care to

protect her from defective or dangerous conditions, and (2) duty to warn of, or remedy, the dangerous condition. Ms. West also seeks punitive damages, asserting Dolgencorp acted in a willful, wanton, and reckless manner when it disregarded the safety of its patrons. [*Id.* at 3–5].

On May 13, 2021, Dolgencorp answered. [Doc. 1-4]. It then removed on June 9, 2021, alleging diversity jurisdiction. [Doc. 1]. On August 27, 2021, Dolgencorp filed its Motion to Dismiss. [Doc. 3]. Dolgencorp contends (1) the Rolltainer was an open and obvious condition absolving it of liability, (2) Ms. West assumed the risk of injury when she attempted to remove it from her vehicle, and (3) Ms. West's punitive damage claim is implausible.

## II.

### A. *Governing Standard*

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The Court is required to "'accept as true all of the factual allegations contained in the complaint.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). It must additionally "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Further, a court's evaluation of a motion to dismiss is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Serv. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

B.      Analysis

1.   Negligence Claim

The Complaint contains a series of facts that, when accepted as true, give notice to Dolgencorp of a plausible claim for relief. Ms. West asserts that Dolgencorp was negligent by failing to secure the Rolltainer, which then caused her to suffer an injury. Those minimal allegations suffice here.

Respecting the open and obvious and assumption of risk defenses, "[t]he purpose of a motion to dismiss under Rule 12(b)(6) is to 'test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses.'" *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n*, 2 F. Supp. 3d 758, 769–70 (D. Md. 2014) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993)). Only in "the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" and "clearly appear on the face of the complaint" may the affirmative "defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citations omitted).

Neither defense is based upon facts that clearly appear on the face of Ms. West's Complaint. Moreover, "the Fourth Circuit strongly favors the resolution of cases on the merits and not on technical procedural grounds." *Foster v. Tannenbaum*, 2016 WL 7379025, at *2 (S.D. W. Va. 2016) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)); *see also Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019) ("We are mindful of the

strong policy favoring the disposition of cases on the merits and disfavoring dismissals without a merits decision).

## 2. Punitive Damages Claim

Under *West Virginia Code* § 55-7-29(a), an award of punitive damages is appropriate only "if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." Ms. West's punitive damages claim contains nothing but a threadbare legal conclusion; her Complaint is devoid of allegations tending to show Dolgencorp acted with actual malice or with a conscious, reckless, or outrageous indifference to her safety or welfare. Dismissal is thus warranted.

## III.

Based on the foregoing, the Court **DENIES** Dolgencorp's Motion to Dismiss [Doc. 3] respecting the negligence claim and **GRANTS** the same respecting the punitive damages claim.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 23, 2021



Frank W. Volk
United States District Judge